## UPSHUR COUNTY V. STEPHEN S. YEURY.

The Statute (Hart. Dig., Art. 309) provides "that it shall be the duty of said Courts (the County Courts) to provide for the support of indigent persons, resident in the county, who cannot support themselves."

A suit cannot be sustained against a county for attention and expenditures bestowed upon an indigent transient person while disabled by injury or sickness.

Error from Upshur county. Tried below before the Hon. Charles A. Frazer.

Suit by defendant in error against plaintiff in error, to recover for care and medical attendance provided by plaintiff for one James Hughes, an indigent transient person, who was brought to plaintiff's residence in said county, with a broken leg. A demurrer to the petition was overruled, and plaintiff had verdict and judgment.

*J. L. Camp*, for plaintiff in error, argued that the demurrer to the petition should have been sustained, on the ground that the petition did not aver, in addition to the indigence of Hughes, that he was unable to support himself; and on the ground that the county was not liable, under the Statute, for the support of transient persons, under any circumstances.

*C. C. Galloway*, for defendant in error, argued that the petition was sufficient to authorize proof of such indigence as was contemplated by the Statute, and was therefore not bad upon general demurrer; and that the term "resident in the county," as used in the Statute, did not mean permanently domiciliated, but "dwelling or abiding in a place for a length of time, but not definite."

Upshur County v. Yeury.

ROBERTS, J.   The question in this case, is the liability of Upshur county to pay defendant in error an account, made out by him against the county, for supporting, nursing and clothing a "transient person," James Hughes, during a severe illness caused by his leg being broken.   It is alleged "that Hughes was indigent and unable to pay anything."   The transaction occurred in 1856, suit was brought in 1857, and defendant recovered a judgment for part of his account, seventy-four and 75-100 dollars.

The Act of the Legislature of March 16th, 1848, (Hart. Dig. Art. 309,) provides "that it shall be the duty of said Courts to provide for the support of indigent persons, resident in the county, who cannot support themselves."   Public charity is confined to indigents *resident* in the county, who are unable to support themselves.   Its extension to transient persons who happen, for the time, to be out of means to pay, has heretofore been rendered unnecessary by the hospitality of our citizens towards afflicted strangers.

The court below erred in its judgment rendered in this case, and, though erring on the side of generous humanity, must be reversed, and the cause dismissed.

Reversed and dismissed.